# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Stacy Van Gorp, on behalf of herself and all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>Commerce Bank,<br><br>     Defendant. | CIVIL ACTION NO.<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Stacy Van Gorp, by and through the undersigned counsel, and for her Class Action Complaint against the Defendant, Commerce Bank, LLC, states as follows:

## INTRODUCTION

1. Stacy Van Gorp, individually, and on behalf of all others similarly situated, brings this Complaint for damages for Defendant's illegal use of consumer reports and egregious invasion of privacy, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. Defendant Commerce Bank publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiff and many other similarly situated

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" See, 15 U.S.C. § 1681a(d)(1)(A) and 15 U.S.C. § 1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiff will use the term "credit report," "consumer report," and "credit score" interchangeably. They all maintain the same level of protection under the FCRA.

1

consumers in Bankruptcy Courts nationwide. Plaintiff seeks relief under the federal Fair Credit Reporting Act ("FCRA") as such "use" of Plaintiff's consumer reports is not permitted. Defendant's egregious practices run afoul of exactly what Congress intended to prevent with its enactment of the FCRA. The Act was passed to keep consumer credit reports strictly private and protected from unlawful disclosures to unauthorized parties. Defendant Commerce Bank has violated these privacy provisions and should now be held accountable.

## JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.* and 28 U.S.C §§ 1331 and 1367.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2) because the conduct at issue occurred in this District, the Plaintiff resides in this District, and Defendant Commerce Bank conducts business in this District.

## PARTIES

5. Plaintiff Stacy Van Gorp (hereinafter "Plaintiff Van Gorp") is a natural person who resides in the City of Altoona, County of Polk, State of Iowa, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Commerce Bank ("Defendant") is a Kansas state-chartered and leading credit card issuer and has its principal place of business at 1000 Walnut, Kansas City, MO 64106. Defendant is a Bank engaged in business throughout the United States and also in the State of Iowa. Defendant loans money to and collections from Iowa and

nationwide residents. Defendant also as part of its business occasionally files Proofs of Claims in various federal Bankruptcy courts throughout the United States. Defendant is a "person" as defined at 15 U.S.C. § 1681a(b).

## BACKGROUND INFORMATION

7. As a result of Defendant's conduct Plaintiff and the putative class have suffered an injury in fact, the injury is traceable to the conduct of the Defendant, and the harm is likely to be redressed by a favorable judicial decision.

8. As shown in the paragraphs that follow, the Plaintiff and the putative class have suffered "an invasion of a legally protected interest" which is their private and financial information occasioned by the conduct of the Defendant.

9. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff and the putative class in a personal and individual way.

10. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

11. The Court in *Spokeo* further noted that:

*"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*

*And,*
*"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*

(Emphasis Added).

12. One of the primary protections of the FCRA is the requirement that "users," such as Defendant, have a permissible purpose when they use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

13. That invasion of privacy is an example in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

14. The lead Senate sponsor, William Proxmire[2] stated that:

> *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*
> (Emphasis Added).

## FACTUAL ALLEGATIONS

15. On or about December 13, 2010 Plaintiff opened a credit card account ("Credit Card") ending with 8451 with Defendant.

16. Plaintiff was unable to repay the balance on her Defendant Commerce credit card account.

17. On May 9, 2016, Plaintiff filed for bankruptcy relief pursuant to Chapter 13 of the United States Bankruptcy Code. *In re Stacy and Scott Van Gorp*, No. 16-00980-lmj13 (Bankr. S.D. Iowa May 9, 2016).

---

[2] 115 Cong. Rec. 2413 (1969).

18. At the time she filed for bankruptcy protection, Plaintiff listed the underlying liability on the Defendant's credit card account as an unsecured debt on Schedule F of her bankruptcy Petition.

19. The United States Bankruptcy Court provides a warning to redact personal and private information to all parties including creditors like Defendant before filing certain forms or documents in the public record.

20. Further, the standard and approved Official Form 410 includes a warning to be used when filing a Proof of Claim advising that certain private personal information should be redacted before filing. Specifically, Official Form 410 includes the following instruction:

> "***Filers must leave out or redact*** *information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.*" (Emphasis not added, included in original document.)

21. Defendant, through Ms. Danica Samuels, Bankruptcy Specialist II (hereinafter "Ms. Samuels"), filed a Proof of Claim on May 11, 2016, in Plaintiff's bankruptcy proceeding which included Plaintiff's personal and private information, including her credit score. (*See:* Exhibit 1- attached Proof of Claim (redacted)).

22. 15 U.S.C. § 1681a(d)(1) defines a "consumer report" as any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character…".

Plaintiff's credit score is a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

23. Defendant's illegal publication of Plaintiff's credit score included in the documents it filed in Plaintiff's bankruptcy case violated 15 U.S.C. § 1681b.

24. While Defendant at one time may have had a permissible purpose to obtain Plaintiff's credit report when processing Plaintiff's credit applications, Defendant did not have any of the permissible purposes listed in 15 U.S.C. § 1681b to "use" the consumer reports when it publicly disclosed Plaintiff's consumer report in the aforementioned public bankruptcy filings.

25. The publication of consumer reports in public bankruptcy court filings is a "use" which has nothing to do with any of the enumerated permissible purposes in the FCRA.

26. Defendant had no permissible purpose for "using" Plaintiff's consumer report in its public filings, and therefore has violated the provisions of 15 U.S.C. §§ 1681b and 1681b(f).

27. As a business conducting its affairs within the United States generally, Defendant is deemed to know what is lawful and what is unlawful under United States law. *See Barlow v. United States,* 8 L. Ed. 728 (1883)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charges with knowledge of the law").

28. By reason of the illegality and unlawfulness of its use and publication of consumer report information, Defendant has harmed the Plaintiff as described in 15 U.S.C. §1681n.

29. As a result of the acts of use and publication above, Plaintiff has suffered and is entitled to recover damages pursuant to 15 U.S.C. §1681n.

30. As of the filing of this Complaint, Defendant has not taken any steps to rectify the violations they have committed as set forth herein and such violations continue from day to day.

31. As a result of Defendant's illegal use and publication of Plaintiff's consumer report, Plaintiff's privacy has been invaded.

## CLASS ALLEGATIONS

32. Defendant unlawfully "used" the consumer report of Plaintiff by failing to redact the credit scores on the Proof of Claim Defendant publicly filed in Plaintiff's Bankruptcy case.

33. Upon information and belief, Defendant has on more than 100 occasions within the past two (2) years filed Proofs of Claim with the Federal Bankruptcy Courts nationwide against similar account holders wherein it unlawfully "used" the consumer report, in violation of 15 U.S.C. §1681b(f).

34. Plaintiff brings this action individually and as a Class action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify a Class consisting of the following individuals:

> *All current and former customers of Defendant nationwide that have had their consumer report/credit score published as an attachment to a Proof of Claim filed in bankruptcy courts nationwide within two (2) years of the date of the filing of this Complaint.*

35. This class is so numerous that joinder of all members is impracticable. However, the precise number of each Class members is known only to the Defendant. Plaintiff, upon information and belief, alleges that the Class consists of greater than one hundred (100) individuals.

36. While the number of class members is not known, Plaintiff reasonably believes that, given the reach of Defendant's services, the proposed class is sufficiently numerous and contains hundreds, if not thousands, of members and such members can be identified from Defendant's records and those of the Federal Bankruptcy Courts.

37. There are questions of law and fact common to the Class that predominate any questions affecting only individual Class members. The questions include but are not limited to:

    a) Whether using Plaintiffs' consumer reports by publication in bankruptcy court proofs of claim violated the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.); and
    b) Whether using the consumer report of Plaintiffs caused them harm.

38. Plaintiff's claims are typical of the claims of the Class members, which all arise from the same operative facts and are based on the same legal theories, including:

    a) The recovery of statutory and punitive damages for Defendant's violations of federal privacy laws.

39. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer rights class actions. Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue her case.

40. This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for those opposing the Class.

41. A Class action is a superior method for the fair and efficient adjudication of controversy. The interest of Class members in individually controlling prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained using Defendant's records and those of the Federal Bankruptcy Courts.

## CAUSE OF ACTION

### FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681 et seq.

42. Plaintiff incorporates by reference all the foregoing paragraphs.

43. Defendant willfully violated provisions of the Fair Credit Reporting Act. Defendant's violations include, but are not limited to the following:

    a) Defendant violated 15 U.S.C. §§ 1681b and 1681b(f) by willfully using Plaintiffs' consumer report / credit score in the Bankruptcy filings.

44. As a result of the above and continuing violations of the FCRA, Defendant is liable to the Plaintiff in the sum of statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby demand a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## REQUEST FOR RELIEF

46. **WHEREFORE**, Plaintiff respectfully requests that a Judgment be entered against Defendant awarding her the following relief:

   a) certifying this action as a class action;

   b) ordering that Plaintiff's counsel be named as class counsel;

   c) awarding appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;

   d) awarding costs and reasonable attorneys' fees and post judgment interest pursuant to 15 U.S.C. §1681 *et seq.*;

   e) an order enjoining the Defendant from further violations of the FCRA relative to the Defendant's inclusion of consumer reports / credit scores in all such proof of claims filed in various federal Bankruptcy courts;

   f) an order instructing Defendant to move to seal the offensive proof of claims for class members' bankruptcy court files;

   g) any other appropriate declaratory and or injunctive relief; and

h) such other and further relief as the Court deems just and equitable.

Dated this 30th day of May, 2017.

                                          Respectfully submitted,

                                          By: /s/Samuel Z. Marks
                                          Samuel Z. Marks, Esq.
                                          Attorney I.D. # IS9998821
                                          Marks Law Firm, P.C.
                                          4225 University Ave.
                                          Des Moines, IA 50311
                                          Telephone: (515) 276-7211
                                          Facsimile: (515) 276-6280
                                          Email: sam@markslawdm.com

*Pending Pro Hac Vice Admission*      By: s/Thomas J. Lyons Jr.
                                            Thomas J. Lyons, Jr., Esq.
                                          Attorney I.D. #: 0249646
                                          367 Commerce Ct.
                                          Vadnais Heights, MN 55127
                                          Telephone: (651)770-9707
                                          Facsimile: (651)704-0907
                                          Email: tommy@consumerjusticecenter.com

*(To be admitted pro hac vice)*       Thomas J. Lyons, Esq. (MN 65699)
                                          **LYONS LAW FIRM, P.A.**
                                          367 Commerce Court
                                          Vadnais Heights, MN 55127
                                          Telephone:  (651) 770-9707
                                          Facsimile:  (651) 770-5830
                                          Email:  tlyons@lyonslawfirm.com

                                          *Attorneys for Plaintiff*