IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

STACY VAN GORP,

        Plaintiff,                      No. 4-17-cv-189-CRW-CFB

vs.                            ORDER GRANTING SUMMARY JUDGMENT
                                     IN FAVOR OF DEFENDANT AND AGAINST
                                               PLAINTIFF

COMMERCE BANK,

        Defendant.

In a lawsuit brought "on behalf of herself and all others similarly situated," plaintiff Stacy Van Gorp (Van Gorp) seeks compensatory and punitive damages and injunctive relief. She contends that defendant Commerce Bank (Bank) violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. section 1681 *et seq.*, by publishing Van Gorp's credit score in a filing the Bank submitted as a claim in Van Gorp's personal bankruptcy proceedings. The Court initially did not grant the Bank's motion to dismiss (Docket #9), considering that motion premature.

On November 9, 2017, the Court held a hearing on the Bank's subsequent resisted motion for summary judgment (Docket # 22).. The Bank contends it is entitled to summary judgment because 1) Van Gorp has suffered no concrete harm sufficient to establish standing to proceed in this lawsuit and 2) the Bank had a permissible purpose in obtaining the credit score and then used the score for a permissible purpose.

The court concludes the Bank is entitled to summary judgment on both grounds.

<u>Summary judgment standard</u>. A dispute as to a material fact is genuine if there is

1

sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Here, Van Gorp has not identified facts or legal issues that if decided in her favor would support the entry of judgment on any claim she asserts.

<u>Undisputed facts from summary judgment record</u>

1. On May 9, 2016, Van Gorp filed for protection under Chapter 13 of the United States Bankruptcy Code.

2. In the petition filed in the bankruptcy action, Van Gorp disclosed details about many aspects of her financial situation, including the last four digits of her social security number, home address, kind of debts owed, number and names of creditors, value and summary of assets and liabilities, place of employment, amount of time employed in current position, monthly salary, expenses, where she banks, whether she received support from her family, whether she had any losses (such as gambling losses), whether she had previous bankruptcies, whether she rented or owned her home, whether she owned businesses, and whether she received credit counseling.

3. Bank filed a proof of claim in the bankruptcy action. The proof of claim included a billing statement for the period of April 9, 2016 to May 8, 2016.

4. The third page of the billing statement included reference to Van Gorp's actual

FICO score.

I. <u>Lack of standing.</u> The only harm Van Gorp alleges is a privacy right violation. Examined at deposition, Van Gorp was unable to testify whether any person saw her published credit score. She was unable to pinpoint any past or future loss of money, job opportunity, or reputation she experienced or will experience by reason of the Bank including in its proof of claim her FICO credit score. Van Gorp has not pleaded nor demonstrated in this record a concrete harm that establishes a case or controversy over which this court has jurisdiction. <u>See Spokeo, Inc. v. Robins</u>, 136 S.Ct. 1540, 1549 (2016)(no standing in an FCRA case where there is a "bare procedural violation, divorced from any concrete harm"); <u>Braitberg v. Charter Comm., Inc.</u>, 836 F.3d 925, 929 (8th Cir. 2016)(no concrete harm where cable company was alleged to have retained information in violation of its duty to destroy personally identifiable information). So the Bank is entitled to summary judgment dismissing Van Gorp's lawsuit because she has no standing to sue.

II. <u>Bank's use of credit score.</u> Neither has Van Gorp shown in this record that the Bank violated the FCRA when it disclosed in its bankruptcy filing Van Gorp's FICO credit score. The Bank permissibly obtained the credit score as part of Van Gorp's application for credit. No provision of the FCRA prohibited the Bank from referring to the FICO score it had properly obtained and then mentioned in filing its claim in her bankruptcy proceeding.

Van Gorp cites no case where the use of a credit score in this way was found to violate the FCRA. Persuasive is <u>Geiling v. Wirt Fin. Servs, Inc.</u>, 2014 U.S. Dist. LEXIS 183237 (E.D. Mich. 2014.), where the court held that the FCRA does not impose liability on a person who properly obtains a consumer report and then uses it in a court proceeding.

3

III. <u>Conclusion</u>.  Plaintiff Stacy Van Gorp has not established standing to sue Commerce Bank and has not demonstrated in this record a right to recover damages for violation of the FCRA.  For both reasons, the court grants the Bank's motion for summary judgment (Docket #22).  The clerk of court shall dismiss this lawsuit, with costs assessed to Van Gorp.

IT IS SO ORDERED.

Dated this 13th day of November,  2017.

*/s/ Charles R Wolle*
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT